*George N. Fell,* for the City of Toledo.

*W. H. McClellan,* for Breymann & O'Neill.

---

### SCIENTER IN BEAL LAW PROSECUTIONS.

[Circuit Court of Cuyahoga County.]

MINNIE PAGE v. THE STATE OF OHIO.

Decided, October 29, 1906.

*Liquor Laws—Prosecution Under Beal Law—Averment of Scienter— Bills of Exceptions—Deficient as to Testimony of One Witness—But Containing "Substantial" Points of Testimony.*

1. An affidavit charging a person with a violation of the Beal law (Revised Statutes, 4364-20), in that he kept a place where intoxicating liquors were sold, purchased or given away, need not aver that such place was "knowingly" kept.

2. A bill of exceptions certifying that it contains all of the evidence except that presented on one day of the trial, and all the "substantial" points presented on that day, may not be reviewed as to the weight of the evidence.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

This is a proceeding in error, brought to reverse a judgment of the common pleas court, affirming a conviction of plaintiff in error, before a police justice, on an affidavit charging her with keeping a place where intoxicating liquors were sold, purchased and given away, contrary to the provisions of the Beal law.

It is said that the affidavit is defective in that it does not state that the accused "knowingly" kept said place.

We hold that an averment of scienter is not necessary in an affidavit or indictment charging violation of the Beal law, so-called.

A full consideration of the authorities on this subject will be found in the case of *State* v. *Fromer*, 7 N. P., 172, decided by Judge Wildman, then Common Pleas Judge of Huron county, now one of the judges of the Circuit Court of Ohio, Sixth Circuit.

It is also said that the judgment is not sustained by the evidence, but this proposition we are unable to review, for the bill of exceptions does not contain all the evidence. This is no fault of counsel for plaintiff in error. It appears that trial was begun on August 3, 1906, the accused having no counsel present, After some evidence had been offered, the trial was adjourned to August 10, with consent of defendant. On the last named day the defendant was present with her counsel, who made an effort to bring out all the evidence that had been offered at the previous hearing, by a re-examination of the only witness who had then testified; at the conclusion of this effort, the court said:

"You have substantially proved everything that he testified to before in this case in chief; may not be in the exact language, but the substantial points of that evidence you have in."

The certificate to the bill of exceptions recites:

"This bill of exceptions contains all of the substantial points of the testimony of the witness, F. P. Merrill, taken on August 3, 1906, and all of the evidence offered by either party on August 10, 1906, in the trial of this cause."

We are compelled to say that the certificate does not authorize us to weigh the evidence contained in the bill of exceptions pre-

sented to us.  It is not sufficient that we have before us what the trial judge considers all the "substantial points of the testimony," but we should have all the evidence.  The reviewing court might not agree with the trial judge as to what were the real substantial points of the testimony.  The certificate in this case substitutes the judgment of the trial judge on that point for the judgment of this court, leaving us unable to pass upon the weight of the evidence with any satisfaction to ourselves or certainty of arriving at a correct conclusion.

The plaintiff in error was content to rest this matter in the judgment of the trial judge and there it must remain and the judgment must be affirmed.

*D. M. Bader*, for plaintiff in error.

*A. V. Taylor*, for defendant in error.